**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **US MELON LLC, a Florida Corporation,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **C.A. NO. 5:19-cv-00880** |
| **v.** | § | |
| | § | |
| **AVILA PRODUCE INC., a Texas** | § | |
| **Corporation; JESUS ARTURO AVILA,** | § | |
| **an Individual; RONALD WILLIAM** | § | |
| **CATLETT, an Individual; and GRETA** | § | |
| **TERESA SANTOS, an Individual,** | § | |
| | § | |
| **Defendants.** | § | |

**COMPLAINT**
(To Enforce Payment From Produce Trust)

Plaintiff US Melon LLC, a Florida Corporation. (hereinafter "Plaintiff"), for its complaint against Defendants, Avila Produce Inc. ("Avila Produce"), Jesus Arturo Avila ("J. Avila") Ronald William Catlett ("R. Catlett"), and Greta Teresa Santos ("G. Santos") (Company, J. Avila, R. Catlett and G. Santos, collectively hereinafter referred to as Defendants) alleges:

JURISDICTION AND VENUE

1.      Subject matter jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(5) (hereafter "the PACA"), 28 U.S.C. §1331 and 28 U.S.C. §2201.

2.      Venue in this District is based on 28 U.S.C. §1391 in that (a) Plaintiff's claims arose in this District and (b) Defendants' principal place of business is in this District.

PARTIES

3.      Plaintiff, a Florida corporation with its principal place of business in Live Oak, Florida, is engaged in the business of buying and selling wholesale quantities of produce in

interstate commerce and was at all times pertinent herein, a dealer subject to and licensed under the provisions of the PACA as a dealer.

4.     The Defendant are:

    a.     Defendant, Avila Produce, is a Texas corporation with a principal place of business in San Antonio, Texas, and was at all times pertinent herein, a purchaser of wholesale quantities of produce subject to the provisions of the PACA and licensed thereunder as a dealer.

    b.     Defendant J. Avila.  Upon information and belief, J. Avila is a managing member of Avila Produce who controlled the day to day operations of Avila Produce and was in a position of control over the PACA trust assets belonging to Plaintiff.

    c.     Defendant Ronald William Catlett.  Upon information and belief, R. Catlett is a managing member of Avila who controlled the day to day operations of Avila and was in a position of control over the PACA trust assets belonging to Plaintiff.

    d.     Defendant Greta Teresa Santos.  Upon information and belief, G. Santos is the managing member of Avila who controlled the day to day operations of Avila and was in a position of control over the PACA trust assets belonging to Plaintiff.

<u>GENERAL ALLEGATIONS</u>

5.     This action is brought to obtain declaratory relief and to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. § 499e(c).

6.     On December 26, 2018 and December 28, 2018, 2009, Plaintiff sold and delivered to Defendants wholesale quantities of produce, which had been moved in interstate commerce, in the amount of $30,240.00, which remains unpaid.  Plaintiff's open invoices are attached hereto as Exhibit A.

7.     Defendants accepted the produce from Plaintiff.

8.      At the time of receipt of the produce, Plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers.  The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust.

9.      Plaintiff preserved its interest in the PACA trust in the amount of $30,240.00 by sending invoices to Defendants which contained the language required by 7 U.S.C. § 499e(c)(4) and remains a beneficiary until full payment is made for the produce.  See true and accurate copies of Plaintiff's invoices attached hereto as Exhibit A.

10.     Defendants have not disputed the debt in any way and have failed to make payment to Plaintiffs in accordance with the trust provisions of the PACA.

11.     Defendants' failure, refusal, and inability to pay Plaintiffs the undisputed amount owed to Plaintiffs demonstrates that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiffs and are dissipating trust assets.

<u>Count 1</u>
(Failure to Pay Trust Funds)

12.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 11 above as if fully set forth herein.

13.     The failure of Defendants to make payment to Plaintiff of trust funds in the aggregate amount of $30,240.00 from the statutory trust is a violation of PACA and PACA regulations, and is unlawful.

WHEREFORE, Plaintiff requests an order enforcing payment from the trust by requiring immediate payment of $30,240.00 to Plaintiff.

<u>Count 2</u>
(Failure to Pay For Goods Sold)

14.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15.     Defendants failed and refused to pay Plaintiff an amount of $30,240.00 owed to Plaintiff for goods received by Defendants from Plaintiff.

WHEREFORE, Plaintiff requests judgment in the amount of $30,240.00 against the Defendants, jointly and severally.

Count 3
(Unlawful Dissipation of Trust Assets by
a Principal – Jesus Arturo Avila.)

16.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 15 above as if fully set forth herein.

17.     Defendant J. Avila, is a managing member, reported principal on the PACA license and registered agent of Avila Produce during the period of time in question and who was in a position of control over the PACA trust assets belonging to Plaintiff.

18.     Defendant, J. Avila, failed to direct Avila to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce it supplied.

19.     Defendant J. Avila's failure to direct Avila to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a managing member.

20.     As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its right as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, Plaintiff requests judgment against defendant, J. Avila, in the amount of $30,240.00.

<u>Count 4</u>
(Unlawful Dissipation of Trust Assets by
a Principal – Ronald William Catlett)

21.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 20 above
as if fully set forth herein.

22.     Defendant, R. Catlett, is a managing member and reported principal on the PACA
license of Avila Produce during the period of time in question and who was in a position of control
over the PACA trust assets belonging to Plaintiff.

23.     Defendant, Ronald William Catlett, failed to direct Avila to fulfill its statutory duties
to preserve PACA trust assets and pay Plaintiff for the produce it supplied.

24.     Defendant R. Catlett's failure to direct Avila to maintain PACA trust assets and pay
Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by an officer.

25.     As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of
its rights as a beneficiary in the produce trust and has been denied payment for the produce it
supplied.

WHEREFORE, Plaintiff requests judgment against defendant, Ronald William Catlett, in
the amount of $30,240.00.

<u>Count 5</u>
(Unlawful Dissipation of Trust Assets by
a Principal – Greta Teresa Santos)

26.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 25 above
as if fully set forth herein.

27.     Defendant, G. Santos, is a managing member and registered agent of Avila Produce
during the period of time in question and who was in a position of control over the PACA trust
assets belonging to Plaintiff.

5

28.     Defendant, G. Santos, failed to direct Avila to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the produce it supplied.

29.     Defendant G. Santos' failure to direct Avila to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by an officer.

30.     As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, Plaintiff requests judgment against defendant, G. Santos, in the amount of $30,240.00.

<u>Count 6</u>
PACA Violation – Failure to Maintain Trust All Defendants)

31.     Plaintiff re-alleges paragraphs 1 through 30 as though fully set forth herein.

32.     Plaintiff and Defendants entered into a series of transactions involving Plaintiff's sale and Defendants' purchase of produce on December 26, 2018 and December 28, 2018 (the "Sale Period"), each of which are identified in the attached Exhibit A.

33.      During the Sales Period, Avila Produce lacked the liquidity or free cash flow to pay Plaintiff for the produce transactions identified in Exhibit A.

34.      During the Sales Period, Avila Produce's PACA Trust Assets were not freely available to satisfy its outstanding obligations to the Plaintiff.

35.      The matters and actions or inactions alleged in this Count 6 constitute violations by Defendants of Section 2 of the PACA.

As a direct result of Defendants' aforementioned actions and inactions, Plaintiff's has incurred damages in the current aggregate amount totaling $30,240.00, plus further interest.

WHEREFORE, Plaintiff requests judgment in the amount of $30,240.00 against the Defendants, jointly and severally.

## Count 7
### (Breach of Contract – Avila Produce)

36.     Plaintiff re-alleges paragraphs 1 through 36 as though fully set forth herein.

37.     Plaintiff and Avila Produce entered into two contracts referenced in Exhibit A.

38.     In each contract, Plaintiff agreed to sell produce to Avila Produce and Avila Produce agreed, *inter alia,* to purchase Produce from the Plaintiff.

39.     Plaintiff delivered conforming goods to Avila Produce and has otherwise satisfied all conditions of said contracts.

40.     Avila Produce failed to pay for each shipment of produce referenced in Exhibit A. As a direct result of the Avila Produce's failure to pay for each shipment of Produce identified in Exhibit A, Plaintiff has incurred damages in the current aggregate amount totaling $30,240.00, plus further interest and contractually due costs of collection, including attorneys' fees, incurred in this action.

WHEREFORE, Plaintiff requests judgment in the amount of $30,240.00 against Avila Produce.

## Count 8
### (Interest and Attorneys Fees)

41.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 30 above as if fully set forth herein.

42.     PACA and Plaintiff's invoices entitle Plaintiff to recover prejudgment interest and attorney's fees incurred to collect any balance due from Defendants.

43.     As a result of Defendants' failure to make full payment promptly for the produce sold and delivered to Defendants, Plaintiff has lost the use of said money.

44.     As a result of Defendants' continued failure to make payment for the produce sold and delivered to Defendants by Plaintiff, Plaintiff has been required to pay attorney's fees and costs in order to bring this action to require Defendants to comply with their statutory duties under PACA and the invoices.

WHEREFORE, Plaintiff requests judgment against each of the Defendants, jointly and severally, for prejudgment interest, costs and attorney's fees.

Dated: July 24, 2019.

Respectfully submitted,

*/s/* Craig A. Stokes
Craig A. Stokes – SBN 19267700
STOKES LAW OFFICE LLP
3330 Oakwell Court, Suite 225
San Antonio, TX 78218
Telephone (210) 804-0011
E-Mail: cstokes@stokeslawoffice.com

*Counsel for Plaintiff US Melon LLC*